UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUSAN BRASWELL,<br><br>    Plaintiff,<br><br>v.<br><br>INCORP SERVICES, INC.,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:24-CV-00243-JPB |

## **ORDER**

This matter comes before the Court on Trisura Insurance Company's[1] ("Defendant") Motion for Judgment on the Pleadings [Doc. 9]. This Court finds as follows:

## **BACKGROUND**

Susan Braswell ("Plaintiff") filed a *pro se* Complaint[2] against Defendant on December 22, 2023. [Doc. 1-1]. In the Complaint, which is simply a letter from Plaintiff to Defendant dated December 21, 2023, Plaintiff asserts that her home was damaged by a tornado and that Defendant, her insurance company, approved

---

[1] Defendant asserts that it was misnamed as Incorp Services, Inc. c/o Orion 180 in Plaintiff's Complaint.

[2] Plaintiff's Complaint is titled "Complaint for Breach of Contract Legal Relief/Continued Rights to my Claim and for Bad Faith Representation."

and paid for only some of the repairs.  Id. at 3.  In denying the insurance claim, Plaintiff claims that Defendant "ignored" evidence and "cherry-picked" only the facts that supported the denial.  Id. at 5.  She further alleges that the insurance adjuster "compromised the integrity" of the claim by developing a biased relationship with the Baxter Law Firm.[3]  Id.  Moreover, Plaintiff seems to assert that some of the repair work performed on her home was not legitimate and that there were "fraudulent costs" associated with the insured's allocation check.  Id. at 6.  Ultimately, Plaintiff alleges that Defendant's failure to pay for these repairs has resulted in "extreme instability and unhealthy living conditions."  Id. at 5.  As a result, she seeks $175,000 in damages.  Id. at 3, 6.

On March 26, 2024, Defendant filed the instant Motion for Judgment on the Pleadings.  [Doc. 9].  In the motion, Defendant argues that dismissal is required because Plaintiff's Complaint is an impermissible shotgun pleading.[4]  The Court agrees.

## ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is

---

[3] It is unclear to the Court how Baxter Law Firm was involved.

[4] Defendant also argues that the Complaint fails to state a claim.

entitled to relief." Although detailed factual allegations are not necessarily required, the pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (citation omitted). At bottom, the complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," id., and must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Traylor v. P'ship Title Co., 491 F. App'x 988, 990 (11th Cir. 2012) (quoting Iqbal, 556 U.S. at 678).

As an initial matter, it is important to recognize that Plaintiff is proceeding *pro se*, and therefore this Court has an obligation to "liberally construe" her pleadings. Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771 (11th Cir. 2020). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 383 F. App'x 635, 637 (11th Cir. 2010). Importantly, *pro se* litigants must still comply with the Federal Rules of Civil Procedure. Rodriguez v. Scott, 775 F. App'x 599, 601 (11th Cir. 2019). This means that Plaintiff's Complaint must

comply with Rule 8 by making a short and plain statement of the claim showing that she is entitled to relief. Id.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings," which violate Rule 8's requirement that a complaint contain a short and plain statement of the claim. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018). The Eleventh Circuit Court of Appeals has explained that shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018). Shotgun pleadings,

> whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are "standing in line," waiting for their cases to be heard. The courts of appeals and the litigants appearing before them suffer as well.

Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1356–57 (11th Cir. 2018). In sum, tolerating shotgun pleadings "constitutes toleration of obstruction of justice." Id. at 1357.

Typically, shotgun pleadings are characterized by any one of the following: (1) multiple counts that each adopt the allegations of the preceding counts; (2)

4

conclusory, vague and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act or which of the defendants the claim is brought against.  McDonough v. City of Homestead, 771 F. App'x 952, 955 (11th Cir. 2019).  These categories "do not have precise and clearly marked boundaries."  Tran v. City of Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020).  Significantly, the "unifying characteristic" of all shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015).

      This Court finds that Plaintiff's Complaint is a shotgun pleading.  Although Plaintiff's Complaint does not demonstrate all four characteristics of a shotgun pleading, it certainly demonstrates one.  Here, Plaintiff's Complaint fails to separate each cause of action into distinct counts.  Plaintiff's Complaint is in a narrative format with no numbered paragraphs and includes terms like breach of contract, negligence, bad faith, fraud and breach of the covenant of good faith and fair dealing.  Since the terms are not separated into individual counts with corresponding factual support, it is unclear to the Court what counts Plaintiff even

asserts against Defendant. For instance, the Court does not know whether Plaintiff has only asserted a single breach of contract claim or multiple causes of action. Ultimately, in its current form, Plaintiff's Complaint fails to give Defendant adequate notice of the claims against it and the grounds upon which each claim rests, and therefore, to the extent Defendant moves for judgment on the pleadings based on shotgun pleading grounds, the motion is **GRANTED**.

## OPPORTUNITY TO AMEND

The Eleventh Circuit has held that when faced with a shotgun pleading, the district court must require repleader. Ferrell v. Durvin, 311 F. App'x 253, 259 n.8 (11th Cir. 2009). The Court will thus give Plaintiff an opportunity to file an amended complaint. At a minimum, Plaintiff's amended pleading must include:

1) A background section stating the facts relevant to all claims, presented in individually numbered paragraphs. Currently, Plaintiff's Complaint does not have a background section containing the facts. Moreover, Plaintiff's Complaint does not contain numbered paragraphs. A single-spaced narrative style complaint is not permitted.

2) A separate section for each cause of action that sets forth in individually numbered paragraphs the legal elements of the cause of action and the relevant facts showing an entitlement to relief for such cause of action. In other words, Plaintiff should allege factual support for every cause of action asserted and, more specifically, for each element of the cause of action. In its current form, the Court is left guessing as to what causes of action Plaintiff intends to bring.

3) Plaintiff must explicitly request the relief she seeks and must provide an explanation of why she is entitled to such relief.

Plaintiff is notified that the amended complaint will supersede all previous pleadings. The Court will not read the pleadings in tandem. In filing an amended complaint, Plaintiff must ensure that her amendment complies with Federal Rules of Civil Procedure 8 and 10[5] and the directives of this order.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings [Doc. 9] is **GRANTED**. Plaintiff's Complaint is **DISMISSED** without prejudice.

Pursuant to the instructions above, Plaintiff is **DIRECTED** to amend her Complaint to adequately plead a specific claim(s) within twenty-one days of the date of this Order. Plaintiff is notified that the failure to submit an amended complaint within the twenty-one-day time period will result in dismissal of the

---

[5] Federal Rule of Civil Procedure 10 is titled "Form of Pleadings," and provides, among other things, that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

entire action.  The Clerk is **DIRECTED** to resubmit this matter if an amended complaint is not filed.

    **SO ORDERED** this 20th day of May, 2024.

                                                                                          J. P. BOULEE
                                                                                      United States District Judge